UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLAIRESE CLAUDET (f/k/a DAHAN),

    Plaintiff,

vs.        Case No.  6:14-cv-2068-ORL-GKS-DAB

FIRST FEDERAL CREDIT CONTROL, INC.,

    Defendant.
_____/

**DEFENDANT, FIRST FEDERAL CREDIT CONTROL, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant, FIRST FEDERAL CREDIT CONTROL, INC., ("FFCC"), by and through its undersigned counsel, and hereby files this its Answer and Affirmative Defenses to Plaintiff's Complaint **[DE 1]** and herein states as follows:

1. Admitted for purposes of claims identification, jurisdiction and venue only, otherwise denied.

2. Admitted for purposes of claims identification, jurisdiction and venue only, otherwise denied.

**PARTIES**

3. Admitted for purposes of jurisdiction and venue only, otherwise denied.

4. Admitted for purposes of jurisdiction and venue only, otherwise denied.

**JURISDICTION AND VENUE**

5. Admitted for purposes of jurisdiction and venue only, otherwise denied.

6. Admitted for purposes of jurisdiction and venue only, otherwise denied.

## **COMPOSITE EXHIBITS**

7. The statements contained in this paragraph do not contain statements of factual allegations requiring an admission or a denial. To the extent that the exhibits, or the statements contained therein, are provided as factual allegations, the paragraph is denied at this time.

## **FACTUAL ALLEGATIONS**

8. Unknown at this time, therefore denied; FFCC demands strict proof thereof.

9. Unknown at this time, therefore denied; FFCC demands strict proof thereof.

10. Unknown at this time, therefore denied; FFCC demands strict proof thereof.

11. Unknown at this time, therefore denied; FFCC demands strict proof thereof.

12. Unknown at this time, therefore denied; FFCC demands strict proof thereof.

13. Admitted only to the extent that FFCC was retained to collect the underlying debt obligation from the Plaintiff; otherwise denied; FFCC demands strict proof thereof.

14. Admitted;

15. Unknown at this time, therefore denied; FFCC demands strict proof thereof.

16. Admitted;

17. Denied as phrased;

18. Unknown at this time; therefore denied;

19. Unknown at this time; therefore denied;

20. Denied; FFCC demands strict proof thereof

21. Admitted to the extent that FFCC is a debt collector as defined by the FDCPA; otherwise denied;

22. Admitted to the extent that FFCC is a debt collector as defined by the FDCPA; otherwise denied;

23. Denied as phrased;

24. Unknown at this time; therefore denied;

25. Unknown at this time; therefore denied;

26. Denied; FFCC demands strict proof thereof

27. Admitted to the extent that FFCC is a debt collector as defined by the FDCPA; otherwise denied;

28. Admitted to the extent that FFCC is a debt collector as defined by the FDCPA; otherwise denied;

29. Admitted;

30. Admitted;

## COUNT I
## THE TELEPHONE CONSUMER PROTECTION ACT

31. FFCC restates and reincorporates its responses to Paragraphs 1 through 30 set out above as if fully incorporated herein

32. Denied; FFCC demands strict proof thereof.

33. Denied; FFCC demands strict proof thereof;

34. Denied; FFCC demands strict proof thereof;

35. Denied; FFCC demands strict proof thereof;

36. Denied; FFCC demands strict proof thereof;

37. Denied; FFCC demands strict proof thereof;

38. Denied; FFCC demands strict proof thereof;

39. Denied; FFCC demands strict proof thereof;

40. Denied; FFCC demands strict proof thereof;

41. Denied; FFCC demands strict proof thereof;

## COUNT II
## THE FAIR DEBT COLLECTION PRACTICES ACT

42. FFCC restates and reincorporates its responses to Paragraphs 1 through 41 set out above as if fully incorporated herein

43. Admitted to the extent that the provisions of 15 USC 1692e are self-evident; otherwise denied;

44. Denied; FFCC demands strict proof thereof;

45. Unknown at this time as to the discharge of the debt obligation; therefore denied; Denied otherwise; FFCC demands strict proof thereof;

46. Denied; FFCC demands strict proof thereof;

47. Denied; FFCC demands strict proof thereof;

## COUNT III
## THE FAIR DEBT COLLECTION PRACTICES ACT

48. FFCC restates and reincorporates its responses to Paragraphs 1 through 47 set out above as if fully incorporated herein

49. Admitted to the extent that the provisions of 15 USC 1692f are self-evident; otherwise denied;

50. Denied; FFCC demands strict proof thereof;

51. Denied; FFCC demands strict proof thereof;

## COUNT IV
## FLORIDA'S CONSUMER COLLECTION PRACTCES ACT

52. FFCC restates and reincorporates its responses to Paragraphs 1 through 51 set out above as if fully incorporated herein

53. Admitted to the extent that the provisions of Section 559.72(9) Fla. Stat. are self-evident; otherwise denied;

54. Denied; FFCC demands strict proof thereof;

55. Denied; FFCC demands strict proof thereof;

## COUNT V
## FLORIDA'S CONSUMER COLLECTION PRACTCES ACT

56. FFCC restates and reincorporates its responses to Paragraphs 1 through 53 set out above as if fully incorporated herein

57. Admitted to the extent that the provisions of Section 559.72(9) <u>Fla</u>. <u>Stat</u>. are self-evident; otherwise denied;

58. Denied; FFCC demands strict proof thereof;

59. Denied; FFCC demands strict proof thereof;

## DEMAND FOR JURY TRIAL

60. Defendant FFCC demands a trial by jury.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant FFCC affirmatively alleges that FFCC is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

### Second Affirmative Defense

Defendant FFCC affirmatively alleges Plaintiff's Complaint fails to state a cause of action against FFCC upon which relief may be granted.

### Third Affirmative Defense

Defendant FFCC affirmatively alleges that at all pertinent times, FFCC acted in good faith reliance on the information provided by the creditor of the account.

**Fourth Affirmative Defense**

Defendant FFCC affirmatively alleges that Plaintiff's claims for actual damages are not actionable since the alleged damages are speculative and are not the proximate cause of any action or inaction of FFCC.

**Fifth Affirmative Defense**

Defendant FFCC affirmatively alleges that to the extent that any allegations exceed four (4) years from the date of filing the Complaint, such claims or allegations are barred by the year statute of limitations under the Telephone Consumer Protection Act.

**Sixth Affirmative Defense**

Defendant FFCC affirmatively alleges that it does utilize any device which is defined as an automatic telephone dialing system as defined by the TCPA as any alleged outbound call was manually dialed and therefore exempt under the Telephone Consumer Protection Act.

**Seventh Affirmative Defense**

Defendant FFCC affirmatively alleges that FFCC is exempt from Telephone Consumer Protection Act liability under the statute's "prior express consent" exception as the subject telephone was voluntarily provided by the Plaintiff to the original creditor during the transaction in which debt occurred.

**Eighth Affirmative Defense**

Defendant FFCC affirmatively alleges that it does utilize any device which is leaves "pre-recorded" or "artificial messages" as defined by the TCPA as any alleged outbound call was manually dialed and therefore exempt under the Telephone Consumer Protection Act.

6

**Ninth Affirmative Defense**

Defendant FFCC affirmatively alleges that it did not have requisite "actual knowledge" that Plaintiff had filed for bankruptcy protection and therefore did not violate the provisions of Section 559.72(9) *Fla. Stat.*

**Tenth Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to the Fair Debt Collection Practices Act and/or Florida Consumer Collection Practices Act, *§559.55 et seq.* since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

**Eleventh Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the two (2) year statute of limitations under the Florida's Consumer Collection Practices Act and the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

**Twelfth Affirmative Defense**

Defendant affirmatively alleges that the Plaintiff failed to mitigate her damages, if any, in this case.

**Thirteenth Affirmative Defense**

Defendant affirmatively alleges that the Plaintiff's claims are filed and maintained in "bad faith" and for purposes of harassment and Defendant is entitled to damages, including

attorney's fees and costs pursuant to 28 USC Section 1927, Rule 11 of the Federal Rules of Civil Procedure, Section 57.105 Fla. Stat., Section 559.77(3) Fla. Stat. and 15 USC Section 1692k

**Fourteenth Affirmative Defense**

Defendant affirmatively alleges that the Plaintiff is not entitled to equitable relief under the FDCPA.

WHEREFORE, Defendant, FIRST FEDERAL CREDIT CONTROL, INC., prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Dated this **9th** day **of January 2015.**

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **January 9, 2015**, via the Court Clerk's CM/ECF system which will provide notice to the following: James E. Orth, Jr, Esquire (jamesorthlaw@gmail.com) and George M. Gingo, Esquire,(gingo.george@gmail.com)

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M
Florida Bar No.: 110108
kohlmyer@urbanthier.com
Urban, Thier, Federer & Chinnery, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL  32801
Phone: (407) 245-8352
Fax: (407) 245-8361
*Attorneys for Defendant*

8