UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CLAIRESE CLAUDET,**

      **Plaintiff,**

v.                                                 **Case No: 6:14-cv-2068-Orl-41DAB**

**FIRST FEDERAL CREDIT CONTROL, INC.,**

      **Defendant.**

                                                 /

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Amended Unopposed Motion to Dismiss with Prejudice (the "Amended Motion for Voluntary Dismissal," Doc. 20). For the reasons set forth below, Plaintiff's motion will be granted.

**I.    BACKGROUND**

On December 18, 2014, Plaintiff initiated this case by filing the Complaint (Doc. 1), wherein Plaintiff pursues claims for purported violations of the following statutes—the Telephone Consumer Protection Act, 47 U.S.C. § 227; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p; and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55–559.785. Thereafter, Plaintiff moved to voluntarily dismiss the Complaint. To date, except for the initial pleadings, there have been no other substantive filings in this case.

**II.    DISCUSSION**

In support of voluntary dismissal, Plaintiff states only that "[t]here are privileged reasons for the request to dismiss." (Am. Mot. Voluntary Dismiss at 2). Furthermore, seemingly in expectation of a forthcoming motion for sanctions, Plaintiff argues that its claims are not frivolous

and requests that this Court "not grant attorneys['] fees or costs to the Defendant." (*Id.* at 2–4). According to Plaintiff, Defendant does not object to voluntary dismissal but has stated that it "will not agree to waive or bear its own costs and fees in this case." (*Id.* at 2).

Federal Rule of Civil Procedure 41(a)(2) permits voluntary dismissal by court order, "on terms that the court considers proper." Such dismissal "is without prejudice," "[u]nless the order states otherwise." *Id.* According to the Eleventh Circuit, "in most cases[,] a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986) (emphasis omitted). "[I]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id.* at 857. "Dismissal may be inappropriate, however, if it would cause the defendant to lose a substantial right." *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) (quotation omitted). "Another relevant consideration is whether the plaintiff's counsel has acted in bad faith." *Id.*

As an initial matter, Plaintiff's sole reason for dismissal—"[t]here are privileged reasons for the request to dismiss"—is, without more, decidedly unhelpful. Nevertheless, there is no indication that dismissal will cause Defendant to suffer clear legal prejudice or to lose a substantial right. In fact, the relative infancy of this case suggests otherwise. While Defendant has indicated a desire to pursue attorneys' fees and costs, Defendant has neither attempted to condition dismissal on the receipt of fees or costs, *see Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1328 (11th Cir. 2004), nor independently moved for such relief.[1] Thus, Plaintiff's Amended

---

[1] To the extent that Defendant—by requesting that the "Court reserve ruling on the issue of entitlement to . . . fees or costs[] and allow [Defendant] to file an appropriate post-ruling motion," (Resp. Mot. Voluntary Dismiss, Doc. 17, ¶ 5)—requests some type of affirmative relief, Defendant has neither cited any authority for that request nor proceeded by appropriately-filed motion. *See* M.D. Fla. R. 3.01(a); *cf. Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091

Motion for Voluntarily Dismissal will be granted insofar as it requests that this case be dismissed with prejudice.[2]

### III.  CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Dismiss with Prejudice (Doc. 19) is **DENIED as moot**.

2. Plaintiff's Amended Unopposed Motion to Dismiss with Prejudice (Doc. 20) is **GRANTED** to the extent it requests that this case be dismissed with prejudice.

3. This case is **DISMISSED with prejudice**.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 12, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

(11th Cir. 1994) (noting that a Rule 41(a)(2) "dismissal did not foreclose the imposition" of Rule 11 sanctions (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990))).

[2] To the extent Plaintiff's Amended Motion for Voluntarily Dismissal requests that this Court "not grant attorneys['] fees or costs to . . . Defendant," (Am. Mot. Voluntary Dismiss at 4), Defendant has yet to make such a demand, and therefore, Plaintiff's request is premature.