UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLAIRESE CLAUDET (f/k/a DAHAN),

       Plaintiff,

vs.                                           Case: 6:14-cv-2068-ORL-GKS-DAB

FIRST FEDERAL CREDIT CONTROL, INC.,

       Defendant.
_____/

**DEFENDANT FIRST FEDERAL CREDIT CONTROL, INC.'S MOTION FOR SANCTIONS PURSUANT TO FLORIDA STATUTES, SECTION 57.105 AND RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

      COMES NOW Defendant FIRST FEDERAL CREDIT CONTROL, INC. (hereinafter "FFCC") and files its Motion for Sanctions Pursuant to Florida Statutes Section 57.105 and Rule 11 of the Federal Rules of Civil Procedure and in support thereof states as follows:

      1.    Section 57.105, Florida Statutes provides that the Court upon Motion of the party, shall award reasonable attorney fees to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim at any time during a civil proceeding in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim, when initially presented to the court or at any time before trial, was either not supported by the material facts necessary to establish the claim, or would not be supported by the application of then existing law to those material facts. <u>Florida Statutes Section</u> 57.105(1).

2. Section 57.105 and Rule 11 further require that the party seeking sanctions under these sections to serve the unfiled Motion on the opposing party, and provide twenty-one (21) days after service of the Motion for the opposing party to withdraw or properly correct the claim. Florida Statutes Section 57.105(4).

3. On February 24, 2015, counsel for FFCC, served upon Plaintiff's counsel a copy of this unfiled Motion with correspondence requesting Plaintiff withdraw Plaintiff claim under Section 559.72(9) Fla. Stat., as the claims and arguments asserted in the Plaintiff Complaint and Amended Motion for Remand are without merit. **[Feb. 24, 2015 Correspondence attached as Exhibit "A"]**

4. First, FFCC has presented evidence to opposing counsel that the original creditor had no actual knowledge that Plaintiff had filed for bankruptcy protection and therefore did not communicate such information to FFCC when the subject account was placed for collection. FFCC informed Plaintiff's counsel that FFCC had no actual knowledge of the Plaintiff's bankruptcy filing until Plaintiff's counsel called FFCC directly with the information. No further communication with the Plaintiff occurred once FFCC had actual knowledge of this information.

5. Florida law is clear that actual knowledge is a necessary element to prove a claim under Section 559.72(9) *Fla. Stat*. In re Lamb, 409 B.R. 534, 541 (Bankr. N.D. Fla. 2009) and Bacelli v. MFP, Inc., 729 F.Supp. 2d 1328 (M.D. Fla 2010) (holding that the debt collector was entitled to summary judgment because it "had no actual knowledge that [the p]laintiff was represented by an attorney" at the time it communicated with the plaintiff); *accord* Micare v. Foster & Garbus, 132 F.Supp.2d 77, 80 (N.D.N.Y.2001)

("Courts have construed the 'knowledge' component of 1692c(a)(2) to require that a debt collector possess 'actual knowledge' that the debtor was represented by an attorney." (citing cases)).

6. In addition, Plaintiff has asserted in Count I that Defendant violated the Telephone Consumer Protection Act ("TCPA")

7. Defendant contends that Rule 11 sanctions are appropriate as there was no good faith investigation into the accuracy of the allegations contained in Paragraph 39 of the Complaint which falsely alleges that FFCC utilizes an ATDS or pre-recorded message when communicating with the Plaintiff. .

8. Defendant FFCC manually dials all of its out bound telephone calls, does not an ATDS or pre-recorded messages when calling consumers. **[FFCC's Verified Answer to Interrogatories attached as Exhibit "B"].**

9. On three separate occasions, FFCC requested Plaintiff's counsel dismiss or withdraw Counts I and IV based on this well-established case law and position, however Plaintiff did not and FFCC has incurred unnecessary fees and costs to defend this action.

10. Consequently, FFCC is entitled to an award of attorney's fees and costs as a sanction against Plaintiff for knowingly raising and maintaining unsupported and frivolous claims under Section 559.72(9) Fla. Stat. and the TCPA

11. Defendant asserts that it has incurred substantial expense, including attorney's fees, in the defense of this frivolous lawsuit and seeks reimbursement against Plaintiff for all costs and fees unnecessarily incurred in the defense of this action.

WHEREFORE, Defendant, FFCC, respectfully requests this Honorable Court enter an Order awarding sanctions pursuant to Florida Statutes Section 57.105 and Rule 11 of the Federal Rules of Civil Procedure.

## CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned counsel certifies that pursuant to Local Rule 3.01(g) on June 25, 2015, he conferred in good faith with counsel for Plaintiff, and counsel were *unable* to agree on a resolution of this motion or the relief sought.

Dated this **26th day of June, 2015**

>Respectfully submitted,
>/s/ *Ernest H. Kohlmyer, III*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **June 26, 2015**, via the Court Clerk's CM/ECF system which will provide notice to the following: James E. Orth, Jr, Esquire (jamesorthlaw@gmail.com) and George M. Gingo, Esquire (gingo.george@gmail.com)

>*/s/ Ernest H. Kohlmyer, III*
>Ernest H. Kohlmyer, III, LL.M
>Florida Bar No.: 110108
>kohlmyer@urbanthier.com
>Urban, Thier & Federer, P.A.
>200 S. Orange Avenue, Suite 2000
>Orlando, FL  32801
>Phone: (407) 245-8352
>Fax: (407) 245-8361
>*Attorneys for Defendant*