UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 6:14-CV-2068-ORL-18-DAB

CLAIRESE CLAUDET (f/k/a DAHAN),

    Plaintiff,

vs.

FIRST FEDERAL CREDIT CONTROL, INC.

    Defendant.
_____/

PLAINTIFF CLAIRESE CLAUDET'S OPPOSITION TO DEFENDANT
FIRST FEDERAL CREDIT CONTROL, INC.'S MOTION FOR SANCTIONS
PURSUANT TO FLORIDA STATUTES, SECTION 57.105 AND RULE 11
OF THE FEDERAL RULES OF CIVIL PROCEDURE

    Plaintiff, Clairese Claudet, through the undersigned counsel, hereby serves her Opposition to Defendant First Federal Credit Control, Inc.'s Motion for Sanctions Pursuant to Florida Statutes, Section 57.105 and Rule 11 of the Federal Rules of Civil Procedure. (D.E. 22). Below we explain why First Federal Credit Control's motion should be denied.

## I.     BACKGROUND

On December 18, 2014, Plaintiff filed this action. Plaintiff alleged in her complaint that the Defendant violated the federal Telephone Consumer Protection Act (TCPA) at 47 USC 227, the federal Fair Debt Collection Practices Act (FDCPA) at 15 USC 1692, et. seq. and the Florida Consumer Collection Practices Act at Florida Statutes 559.55, et. seq. (D.E. 1)

In Plaintiff's complaint, she alleged that on May 31, 2013 and on June 7, 2013, she had undergone a medical procedure (medical scanning of her body) where she incurred a debt to Doctors Imaging Services. (Complaint, paragraph 10; Composite Exhibit A, pages 2 and 3)[1] On September 23, 2013, Plaintiff filed a petition in bankruptcy in the Middle District of Florida and on December 24, 2013, she received a discharge of the debt owed to Doctors Imaging Services. Plaintiff supported these facts by attaching to her complaint an Order of Discharge of Debtor. (Complaint, paragraph 11; Composite Exhibit A, page 4)

In her complaint, Plaintiff alleged that on July 19, 2014, Doctors Imaging Services acknowledged that the Plaintiff had filed a bankruptcy and Plaintiff supported that fact by attaching to her complaint a document from Doctors Imaging Services that indicates that Doctors Imaging Services knew she filed a bankruptcy. (Composite Exhibit A, page 7) Plaintiff alleged that on September 15, 2014, Doctors Imaging Services assigned the discharged debt to the Defendant for collection. (Complaint, paragraph 13) Plaintiff

---

[1] Composite Exhibit A refers to the exhibit attached to the complaint.

supported this fact with a document from Doctors Imaging Services that showed that on September 15, 2014, Doctors Imaging Services made a negative adjustment of $1,315.12 to the Plaintiff's account, in favor of Defendant, showing that the debt was assigned to the Defendant.  (Composite Exhibit A, page 6)

Plaintiff alleged in her complaint that the Defendant called her cellular telephone twice, once on September 19, 2014 and again on October 22, 2014 and that it sent her a dunning letter on October 20, 2014.  (Complaint, paragraphs 15 and 16)  Plaintiff attached a copy of the dunning letter to her complaint that shows that Defendant demanded payment of $1,315.12 for the subject debt.  (Composite Exhibit A, page 9)  The dunning letter stated "First Federal Credit Control, Inc.", "A debt collection company", "Creditor: Doctors Imaging", "PAST DUE!", "This is a demand for payment in full." and "This is a communication from a debt collector.  This is an attempt to collect a debt."

The first cause of action is based on violations of the TCPA.  Plaintiff alleged in her complaint that on December 21, 2012, she had placed her cellular telephone number of 484-919-3516 with the federal do-not-call registry.  Plaintiff supported that statement by attaching to her complaint a document from the National Do Not Call Registry that confirmed her telephone number was registered with the federal do-not-call registry. (Complaint, paragraph 9;  Composite Exhibit A, page 1)  The Plaintiff alleged that the Defendant did not have permission to call her telephone.  (Complaint, paragraph 32)  The Plaintiff alleged that the calls were made with an automatic telephone dialing system. (Complaint, paragraphs 34 and 35)  The Plaintiff alleged that when she answered the

calls, an artificial or prerecorded voice was initially heard. (Complaint, paragraph 36) The Plaintiff alleged that she was charged for the telephone calls. (Complaint, paragraph 37)

    The second and third causes of action are for violations of the FDCPA. In particular, the second cause of action is for violations of 15 USC 1692e(2) and 1692e(10) and the third cause of action is for violation 15 USC 1692f. Plaintiff alleged that the dunning letter and telephone calls constituted violations of the FDCPA. (Complaint, paragraphs 44, 45 - 46 and 50) The Plaintiff alleged she had been the object of collection activity arising from consumer debt, she was a consumer pursuant to the FDCPA, the debt arose out of a transaction that was primarily for personal, family or household purposes, the Defendant engaged in an act or omission prohibited by the FDCPA, and the Defendant was a debt collector within the meaning of the FDCPA. (Complaint, paragraphs 17 - 21, inclusive) .

    The fourth and fifth causes of action alleged violations of the FCCPA pursuant to Florida Statutes 559.72(9). In particular, the fourth cause of action was for the telephone calls to Plaintiff's cellular telephone and the fifth cause of action was for the dunning letter. (Complaint, paragraphs 54 and 58) The Plaintiff alleged she had been the object of collection activity arising from consumer debt, she was a consumer pursuant to the FCCPA, the debt arose out of a transaction that was primarily for personal, family or household purposes, the Defendant engaged in an act or omission prohibited by the FCCPA, and the Defendant was a debt collector within the meaning of the FCCPA.

Shortly after Defendant was served with the lawsuit, Defendant's counsel telephoned Plaintiffs counsel and demanded that the action be dismissed, that he could provide an affidavit that would show that the Defendant did not use an automatic telephone dialing system, that the Defendant was not a debt collector, and that the Plaintiff's action was frivolous.  Plaintiff's counsel informed Defendant's counsel that they would prefer to conduct discovery, at which point Defendant's counsel became extremely irate.  Defendant's counsel then served Plaintiff's counsel with a safe harbor letter.

On January 9, 2015, Defendant answered the complaint. (D.E. 10)  On or about March 20, 2015, Defendant sent discovery responses to the Plaintiff which included Defendant's Verified Answer to Interrogatories.   On April 21, 2015, Plaintiff filed and served a motion to dismiss complaint without prejudice.  (D.E. 16)  Defendant responded to the motion to dismiss, essentially stating it did not object to the dismissal, but it wanted the court to reserve attorneys' fees and costs.  On May 7, 2015, the Court denied the motion to dismiss without prejudice in order for the Plaintiff to comply with Local Rule 3.01(g).  On May 12, 2015, Plaintiff filed a motion to dismiss with prejudice which included a 3.01(g) notice.  (D.E. 19)  On June 3, 2015, Plaintiff amended the motion to dismiss, making the the 3.01(g) more clear.  (D.E. 20)  The Court dismissed the action on June 12, 2015.  (D.E. 21)  On June 26, 2015, Defendant filed its motion for sanctions for Plaintiff's bringing Count 1 (TCPA) and Count 4 (FCCPA).  (D.E. 22)

## II.	A RULE 11 MOTION LOOKS TO THE COMPLAINT TO SEE IF THE ACTION IS FRIVOLOUS

Defendant's counsel, Ernest H. Kohlmyer, III, recently was a speaker at a National Business Institute seminar entitled *The FDCPA & CFPB: What Debt Collectors Must Know Now!* Plaintiff's counsel received Florida Bar CLE credits for the seminar. In the seminar, Mr. Kohlmyer participated as a presenter and spoke on the difficulty of bringing a motion for fees under Rule 11, 28 USC 1927 and under 15 USC 1692k. Specifically, in reference to obtaining fees pursuant to Rule 11, 28 USC 1927 and under 15 USC 1692k, he stated, "That's really hard to do." (Reference CD at time 2:39) Plaintiff's contend that if anything was frivolous, it was Mr. Kohlmyer's motion for sanctions.

In *Wood v. Citibank, N.A.,* 2015 U.S. Dist. LEXIS 73067 (M.D. Fla., June 4, 2015), the Court stated:

> Rule 11 sanctions are proper when: (1) a party files a pleading that has no reasonable factual basis; (2) a party files a pleading that is based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law; or (3) a party files a pleading in bad faith for an improper purpose. . . .
>
> Although Plaintiff is unable to prevail on her claims as a matter of law, Defendant has not demonstrated that the claims are factually or legally unreasonable - particularly given the fact-specific inquiry involved in determining whether a challenged communication is made in connection with the collection of a debt, and the lack of controlling precedent. *See Anderson v. Smithfield Foods, Inc.,* 353 F. 3d 912, 916 (11th Cir. 2003)(reversing imposition of sanctions, in part, due to the "paucity of controlling precedent"). There is also no indication that Plaintiff's claims were brought for an improper purpose. Defendant's motion for Rule 11 sanctions is therefore denied. *Wood v. Citibank, N.A.,* 2015 U.S. Dist. LEXIS 73067 (M.D. Fla., June 4, 2015)

The Court is to apply a "reasonableness under the circumstances" standard to the conduct for which sanctions are sought. *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir. 1987)  The Court is required to take into account facts such as how much time for investigation was available to the signer, whether the signer had to rely on the client for information as to the facts underlying the pleading or other paper, whether the pleading or other paper was based on a plausible view of the law and whether the signer depended on forwarding counsel or another member of the bar. *Id.* at 1557

In *Ritchie v. Cavalry Portfolio Services, LLC*, 2011 U.S. Dist. LEXIS 7932; 2011 WL 309055 (M.D. Fla., 2011), Judge Elizabeth Kovachevich stated, "[a] Rule 11 inquiry is not tied to the outcome of litigation, but to whether a specific filing is well-grounded . . . ." Id. at 6.  "The purpose of Rule 11 is not to reward parties who are victimized by litigation, but to deter baseless filings and curb abuses." *Id*. at 9.

In *Derbin v. Nathanson, PLLC*, 2013 U.S. Dist. LEXIS 141592; 2013 WL 5490176 (M.D. Fla., September 30, 2013)  the plaintiff sued under the FDCPA for a debt incurred in a Michigan Court ordering plaintiff to pay 1/2 of arbitration fees. *Id*. at 2. Middle District of Florida District Judge John Steele found that the debt was not an obligation of a consumer that arose primarily out of personal, family or household purposes and so was not a debt covered by the FDCPA. *Id*. at 8.  The Court further stated:

> "Simply being incorrect is not subject to sanctions under Rule 11.  The Court also finds that the case is not clearly brought in bad faith or for purposes of harassment.  Therefore, defendant is also not entitled to an award under 15 U.S.C. 1692k(a)(3).  The request for attorney's fees and costs pursuant to 15 U.S.C. 1692k(a)(3) and/or Fed. R. Civ. P. 11 is denied." *Id*. at 9.

In *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996), the Court held that a Rule 11 sanctions motion first required the Court to determine if the party's claims were objectively frivolous in view of the facts or law. *Id* at 1254. If the claims were objectively frivolous in view of the facts or law, then the Court was required to determine whether the attorney who signed the pleading should have been aware they were frivolous. *Id*. The *McGreal* court stated the claims were frivolous if the attorney would have been made aware of their frivolousness by making a reasonable inquiry. *Id*. Deliberate indifference to obvious facts warrants sanctions under Rule 11 while the mere weakness of a party's claims is insufficient. *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1294 (11 Cir. 2002)

In *Diaz v. The First Marblehead Corporation, National Collegiate Trust and Pennsylvania Higher Education Assistance Agency, Inc.*, 2014 U.S. Dist LEXIS 174853 (M.D. Fla. Nov. 3, 2014), the Court stated:

> Section 1692k(a)(3) of the FDCPA provides that the Court may award a defendant its reasonable attorneys' fees and costs upon a finding that the action was brought in bad faith and for the purpose of harassment. 15 U.S.C. 1692k(a)(3). Ms. Diaz' failure to state a claim against AES upon which this Court could have granted relief "does not equate to a finding that she proceeded in bad faith and for the purpose of harassment by bringing this claim." *Heald v. Ocwen Loan Svcng, LLC,* No. 3:13-cv-993-J-34JRK, 2014 WL 4639410, at *6 n.16 (M.D. Fla. Sept. 16, 2014). Bad faith is found where "a plaintiff both knew that his or her claim was meritless and pursed it with the purpose of harassing the defendant." *Montero-Hernandez v. Palisades Collection, Inc.*, No. 6:12-cv-1736-Orl-22KRS, 2014 WL 505119, at *5 (M.D. Fla. Feb. 7, 2014). The Eleventh Circuit has said that "a finding of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim …" *Id*., (citing *Schwartz v. Millon Air, Inc.,* 341 F. 3d 1220, 1225-26 (11th Cir. 2003)

> . . . .
>
> Simple negligence or ignorance of the facts or law, without more, is not "akin to contempt." *Gehl v. Direct Transport, Ltd.*, No. 6:12-cv-1869-Orl-31DAB, 2013 WL 424300, at *2 (M.D. Fla. Feb. 4, 2013). "[M]aking a knowingly false statement or exhibiting 'deliberate indifference to obvious facts' is akin to contempt and warrants *sua sponte* Rule 11 sanctions." *Id*. (quoting *Hodge v. Orlando Utilities Com'n*., No. 6:09-cv-1059-Orl-19DAB, 2010 WL 376019, at *5 (M.D. Fla. Jan. 25, 2010)).
>
> . . . .
>
> A finding of "bad faith" requires a showing of dishonesty of belief or purpose. Black's Law Dictionary, 159 (9th ed. 2009). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.

(At pages 5 - 8)

In *Tacorante v. Cohen*, 2014 U.S. Dist. LEXIS 152230 (M.D. Fla., Oct. 8, 2014), the Court found plaintiff Tacorante liable for Rule 11 sanctions because the claims were clearly barred on their face by the statute of limits and the plaintiff was alerted to the limitations period as an issue before filing the amended complaint. The Court further found that plaintiff's FDCPA claims "were brought without evidentiary support and without any reasonable expectation that the discovery process would produce any evidentiary support for these claims." *Id*. at 2 - 3.

### III.   THE COMPLAINT STATED A CAUSE OF ACTION

Here, contrary to the Defendant's assertion that Count 1 (TCPA) and Count 4 (FCCPA for telephone calls) were frivolous, the claims were in fact filed in good faith

and well grounded. Fed. R. Civ. P 8(a) requires that a plaintiff provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief and a demand for relief. Fed. R. Civ. P. 10 requires that a plaintiff allege her claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. In *Beckwith v. Bellsouth Telecoms, Inc.,* 146 F. App'x. 368, 372 (11th Cir. 2005) the Court stated that relevant facts should be segregated to each of their respective claims. The Plaintiff's complaint complied with these requirements.

Count 1 (TCPA)

The key provision of the TCPA that applied in this action was 47 U.S.C. § 227(b)(1)(A)(iii), which provided in pertinent part:

> "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> ...
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

The statutory remedy for a violation of 47 U.S.C. § 227(b)(1)(A)(iii) is the recovery of actual monetary loss or $500 in damages per violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B). The statute also provides for treble damages for knowing or willful violations thereof. § 47 U.S.C. 227(b)(3).

In *Dayhoff v. Wells Fargo Home Mortgage*, 6:13-cv-01132-RBD-KRS, (M.D. Florida, December 4, 2013), Judge Roy B. Dalton, Jr., denied a Rule 12(b)(6) motion to dismiss when Plaintiff's TCPA allegations were essentially the same as alleged here - that Defendant, without consent, placed calls to Plaintiffs cellular telephone with an ATDS.

At the time this debt was discharged in bankruptcy, the Defendant had no business relationship with the Plaintiff, no prior express consent to call her, no contractual right to call her and any contact with her in an attempt to collect the debt could be deemed a violation of the bankruptcy discharge order.

After the action was filed, Counsel for the Defendant asserted that the Defendant did not use an ATDS yet provided no evidence in support thereof other than a simple denial in its responses to interrogatories. Counsel for the Defendant continues to base its motion for sanctions upon an assertion that it did not use an ATDS; however, the Plaintiff was under no obligation to take as true Defendant's counsel's assertions and no affidavit was ever provided to the Plaintiff in support thereof. Even if Counsel for the Defendant had provided an affidavit in support of his assertion that the Defendant did not use an ATDS, the Plaintiff was under no obligation to rely thereon to dismiss the properly please causes of action.

In *Miljkovic v. Shafritz and Dinkin, P.A.*, 2015 WL 3956570 (11th Cir., June 30, 2015) the Court held that a party was under no obligation to take the other party's affidavit as true where the affidavit was filed in a state court action and relied thereon by the State Court. (At page 14 - 15) In *Miljkovic*, the Plaintiff brought a lawsuit against a debt

collector based upon an affidavit filed by the debt collector in a state court collection action. The *Miljkovic* Court held that the debt collector was not obligated to rely on the debtor's affidavit that he was head of household and exempt from writ of garnishment, and the debt collector was entitled to file its own affidavit in opposition to the debtor's affidavit. Here, even if the Defendant had produced an affidavit asserting that it did not use an ATDS to contact the Plaintiff, the Plaintiff was under no obligation to rely thereon, terminate discovery, and dismiss this action.

The Plaintiff was not obligated to rely upon the Defendant's responses to interrogatories which were essentially worthless due to the numerous, non-responsive answers contained therein.

The first cause of action under the TCPA was well-grounded in facts. Having properly pled a cause of action under Count 1, the Plaintiff was entitled to conduct discovery to prove her case, determine whether the calls were made with an ATDS, and dismiss the lawsuit if in fact it was determined that no ATDS was used to call her cellular telephone.

<u>Count IV (FCCPA)</u>

Defendant failed to assert any basis for sanctions against the Plaintiff related to Count 4. The Defendant's basis seems to be that Plaintiff either knew or should have known that Defendant had no actual knowledge that the Plaintiff filed a bankruptcy. The premise of that claim is not quite correct because the violation under the FCCPA does not arise from the Defendant's knowledge or lack of knowledge of Plaintiff's bankruptcy fil-

ing, but instead arises from the Defendant's act of calling the Plaintiffs cellular telephone to collect a non-existent debt.  In order to stand on that defense, Defendant is saying that Plaintiff knew or should have known that Defendant did not conduct a bankruptcy screening, such as by checking PACER when it was assigned the debt, or that Plaintiff knew or should have known that Doctors Imaging Services didn't send Defendant the entire file which would include the notation made by Doctors Imaging Services that the Plaintiff filed a bankruptcy or that Plaintiff knew or should have known that Defendant didn't review the federal do-not-call registry.

Plaintiff attached to its complaint as pages 6 and 7 of Composite Exhibit A a document from Doctors Imaging Service.  That document showed that the debt was transferred to the Defendant after a notation was made in that document that the Plaintiff had told Doctors Imaging Services that she had filed a bankruptcy.  When Doctors Imaging Service assigned the debt to Defendant it is reasonable to assume that the entire file was sent to the Defendant.  If it was, the Defendant would have learned from reading that file that Plaintiff had filed a bankruptcy.  Plaintiff's bankruptcy filing is registered with PACER. Prior to filing this action, Plaintiff's counsel checked PACER to confirm that she had filed bankruptcy and received a discharge.   If Defendant did not conduct a bankruptcy screening prior to calling Plaintiff's cellular telephone, then in order to allege a *bona fide* error defense, it is under a duty to have adopted a rule where it will only accept an assignment if the assignor sends the entire file to it.  That has been determined to be a reasonable procedure in place to screen for bankruptcy filings.  (See *Ross v. RJM Acquisi-*

*tions Funding LLC*, 480 F.3d 493 (7th Cir. 2007); *Bynum v. Cavalry Portfolio Srevs., LLC.*, 2006 WL 850935 (N.D.Okl. Mar. 30, 2006); *Cross v. Risk Mgmt Alternatives, Inc.*, 374 F.Supp. 2d 649 (N.D.Ill. 2005).)   Further, had Defendant examined the federal do-not-call registry, it would see that Plaintiff revoked consent to call her cellular telephone. These concepts raise a reasonable basis to believe that Defendant knew that it had no right to call the Plaintiff.  It is reasonable to have allowed Plaintiff to conduct discovery on what the Defendant knew.

Although the FCCPA and FDCPA are not exactly the same, they are very similar. In *Read v. MFP, Inc.* 2D11-1703 (Fla. 2nd DCA, March 30, 2012), the Court stated:

> In Florida, consumer debt collection practices are regulated by both the FCCPA and the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA). Both acts generally apply to the same types of conduct, and Florida courts must give "great weight" to federal interpretations of the FDCPA when interpreting and applying the FCCPA. § 559.77(5). However, the FDCPA and the FCCPA are not identical, and a violation of one act does not automatically constitute a violation of the other. See *Beeders v. Gulf Coast Collection Bureau, Inc.*, No. 8:09-cv-00458-EAK-AEP, 2010 WL 2696404, at *6 (M.D. Fla. July 6, 2010) (holding that "[t]here are intentional differences between the FDCPA and FCCPA, and a violation of the federal statute does not automatically constitute a violation of the state statute in situations where the FCCPA is distinguishable"), aff'd, 432 F. App'x. 918 (11th Cir. 2011). Because the provisions of the two acts are not fungible, a consumer seeking to recover damages under either the FDCPA or the FCCPA must allege and prove a violation of the provisions of the act actually sued upon.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. 1692(e).   The FDCPA

only applies to debt collectors. *Bentley v. Bank of America*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. Mar. 23, 2011); *Ingram v. Green & Cooper, Attorneys L.L.P.* 2012 WL 1884598, at *3 (N.D. Ga. Apr. 20, 2012)

In *Wood v. Citibank, N.A.* (8:14-CV-2819-t-27EAJ (M.D. Fla., June 4, 2015), the Court stated:

> For the FDCPA to apply, two threshold criteria must be met: (1) the defendant must qualify as a "debt collector," and (2) the challenged communication must have been made in connection with the collection of a debt. *Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1355 (M.D. Fla. 2012); *Erickson v. Gen. Elec. Co.*, 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012) see also 15 U.S.C. 1692c . . . .
>
> The Eleventh Circuit has not established a bright-line rule for determining whether a communication is made in connection with the collection of a debt. *Parker*, 874 F. Supp. 2d at 1356; *see, e.g., Crawford v. LVNV Funding LLC,* 758 F. 3d 1254, 1261 (11th Cir. 2014)(noting that the FDCPA does not define "collection of debt" or "to collect a debt"). Instead, courts undertake a fact-specific inquiry. *E.g., Caceres v. McCalla Raymer, LLC,* 755 F. 3d 1299, 1303 (11th Cir. 2014). As a general principle, the absence of a demand for payment is not dispositive. Id. at 1303 n.2; *Parker* 874 F. Supp. 2d at 1356-57. Courts instead consider whether the overall communication was intended to induce the debtor to settle the debt. Id. at 1357-58. Communications that are merely "informational" do not constitute debt collection activity. *Id.*

(At pages 4 - 5)

In *Diaz v. The First Marblehead Corporation, National Collegiate Trust and Pennsylvania Higher Education Assistance Agency, Inc.*, 6:14-cv-1338-Orl-31TBS (M.D. Fla. Nov. 3, 2014), the Court stated:

> To prevail on a claim under the FDCPA, "a plaintiff must allege and prove that: (1) the plaintiff has been the object of collection activity arising from consumer

      debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

      . . . .

(At page 2)

      Plaintiff alleged that the debt was for a medical procedure done to the Plaintiff's body, and as such, it was clearly a debt incurred for a personal or family purpose. Plaintiff alleged that she was the object of collection activity arising from that consumer debt, that the Defendant is a debt collector defined by the FCCPA and that the Defendant has engaged in an act or omission prohibited by the FCCPA. Plaintiff supported her claim by attaching to the complaint the document from Doctor's Imaging Service which showed that Plaintiff notified Doctors Imaging Service that she filed bankruptcy as well as attaching Defendant's dunning letter. The Defendant admitted in its dunning letter that it was a debt collector and that it was enforcing the subject debt by stating a demand for payment of $1,315.12 for the subject debt, "First Federal Credit Control, Inc.", "A debt collection company", "Creditor: Doctors Imaging", "PAST DUE!", "This is a demand for payment in full." and by stating "This is a communication from a debt collector. This is an attempt to collect a debt.". The Plaintiff made a good faith filing of the action and the issues the Defendant raises go to issues that are only resolved by conducting discovery.

      Wherefore, Plaintiff requests the Court deny the motion.

      /s/ George M. Gingo
      George M. Gingo, FBN 879533
      James E. Orth, Jr., FBN 75941

400 Orange Street  
Titusville, FL 32796  
(321) 264-9624  
(866) 311-9573 (Fax)  
gingo.george@gmail.com  
jamesorthlaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail and E-Mail, this 10th day of July, 2015 to:

Ernest H. Kohlmyer, III, Esquire  
Email: kohlmyer@urbanthier.com  
Rachel M. Ortiz, Esquire  
Florida Bar No. 0083842  
Email: ortiz@urbanthier.com  
Urban, Thier, Federer & Chinnery, P.A.  
200 S. Orange Avenue, Suite 2000  
Orlando, FL 32801

/s/ George M. Gingo  
George M. Gingo, FBN 879533