UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CLAIRESE CLAUDET,**

      **Plaintiff,**

v.                                                       Case No: 6:14-cv-2068-Orl-41DAB

**FIRST FEDERAL CREDIT CONTROL, INC.,**

      **Defendant.**

                                                 /

## ORDER

THIS CAUSE is before the Court on Defendant's Motion for Sanctions (Doc. 22), to which Plaintiff responded, (*see* Resp., Doc. 24). For the reasons set forth below, the motion will be denied, and counsel for Defendant will be ordered to pay Plaintiff's reasonable expenses in responding to the motion.

### I. BACKGROUND

Plaintiff alleges that she previously underwent a medical procedure at Doctors Imaging Services, LLC ("DIS") and that the corresponding debts were discharged in bankruptcy on December 24, 2013. (Compl., Doc. 1, ¶¶ 10–11). Plaintiff further alleges that she subsequently discussed the debt with DIS, which made a notation on Plaintiff's account that Plaintiff had sought bankruptcy relief. (*Id.* ¶ 12; *see also* Guarantor Profile, Doc. 1-1, at 7).[1] According to Plaintiff, DIS then assigned the debt to Defendant First Federal Credit Control, Inc., which attempted to

---

[1] Where, as here, an attachment contains multiple documents, pinpoint citations will refer to the electronic page number of the attachment.

collect the debt by calling Plaintiff's cellular telephone on September 19 and October 22, 2014, and by sending dunning letters on September 19 and October 20, 2014. (Compl. ¶¶ 13–16).

As a result, Plaintiff initiated this case, and in the Complaint, the claims are organized into the following causes of action—Count One alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; Counts Two and Three allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; Counts Four and Five allege violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* (Compl. ¶¶ 31–59).

After Defendant was served, counsel for Plaintiff and Defendant consulted over the phone, and defense counsel demanded voluntarily dismissal of at least the TCPA and FCCPA claims. (*Compare* Feb. 24, 2015 Letter, Doc. 22-1, at 1 (noting the prior discussion regarding the TCPA and FCCPA claims), *with* Resp. at 5 (noting the prior discussion regarding dismissal of the entire action)). According to Defendant, the TCPA claim—Count One—was meritless because Defendant does not use an "automatic telephone dialing system," which is a requirement under the relevant TCPA provision. *See* 47 U.S.C. § 227(b)(1)(A) (prohibiting calls "(other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service"). Rather, Defendant purports to manually dial each collection call.[2] Additionally, Defendant maintains that one of the FCCPA claims—Count Four—was meritless because Defendant lacked "actual knowledge" of the illegitimacy of the debt (i.e., Plaintiff's discharge in bankruptcy), in contravention of the relevant FCCPA provision. *See*

---

[2] Defendant also seems to challenge the consent requirement. (*See* Def.'s Answers to Interrogs., Doc. 22-2, at 5). However, that argument is not raised in the Motion for Sanctions and, therefore, will not be considered.

Fla. Stat. § 559.72(9) (including a knowledge element); *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1343 (M.D. Fla. 2010) (interpreting that element to require actual knowledge).

On February 24, 2015, defense counsel sent a safe harbor letter to Plaintiff, which included a prior draft of the Motion for Sanctions and threatened to file the same "should [Plaintiff] not voluntarily dismiss Counts I and IV of the Complaint with prejudice." (Feb. 24, 2015 Letter at 2). Eventually, following an April 21, 2015 motion to voluntarily dismiss without prejudice (Doc. 16) and a May 12, 2015 motion to voluntarily dismiss with prejudice (Doc. 19), all claims were dismissed with prejudice. (June 12, 2015 Order, Doc. 21, at 3). The Motion for Sanctions followed.

## II. DISCUSSION

Defendant maintains that either the entire case or Counts One and Four are frivolous; thus, Defendant requests that Plaintiff be sanctioned. That request is ill-considered.

As relevant, Federal Rule of Civil Procedure 11(b) provides that, by filing a motion or pleading, an attorney certifies that to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(b)(2) and (b)(3) go to whether a claim is legally or factually frivolous. *See Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 664 (11th Cir. 2010). "[A] litigant's obligations with respect to the contents" of pleadings or motions "are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (quoting Fed. R. Civ. P. 11(b), (c) advisory committee's note to 1993 amendment).

In the Eleventh Circuit, a Rule 11 challenge as to frivolity requires a two-prong inquiry— "whether the legal claims or factual contentions are objectively frivolous, and, if so, whether a reasonably competent attorney should have known they were frivolous." *Thompson*, 610 F.3d at 665. Under the first step, "[a] factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis." *Id.* Under the second step, the question is "whether the attorney should have known they were frivolous" or, stated differently, whether "a reasonable investigation would have revealed the error to a reasonably competent attorney." *Id.* "Both inquiries measure attorney conduct under an objective reasonably competent attorney standard." *Id.*

At the outset, Defendant does not take issue with any lack of pre-filing inquiry. *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (discussing Rule 11's requirement "for some prefiling inquiry" (quotation omitted)). Rather, Defendant's only quarrel is with Plaintiff's failure to voluntarily dismiss the TCPA and FCCPA claims after defense counsel's demands to do so. (Mot. Sanctions ¶¶ 4, 9). In doing so, Defendant neither attempts to apply the two-prong analysis nor clarifies which prong is the subject of its attack. For example, Defendant fails to show how mere demands by counsel—without any supporting evidence—either rendered

the TCPA and FCCPA claims objectively frivolous or would have caused a reasonably competent attorney to know of their frivolity.[3] As to the latter point, the second step hinges on a reasonable investigation, and Defendant fails to suggest any means of non-discovery fact-finding. Specifically, Defendant fails to show how discovery as to Counts One and Four would fall outside of the realm of reasonableness, especially considering the fact that discovery would have persisted with regard to the three supposedly non-frivolous claims. Perhaps the most startling aspect of Defendant's motion is the unsupported premise that defense counsel's proclamation of factual conclusions was the coup de grâce. Under Defendant's theory, a reasonably competent attorney would have discharged his or her client's case based solely upon opposing counsel's statements regarding discrete factual issues—i.e., actual knowledge. Thus, Defendant's motion will be denied.[4]

Moreover, Defendant's motion was filed for an improper purpose, and therefore, Plaintiff will be awarded "reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). "Rule 11 authorizes a court to sanction a party who submits a pleading for an improper purpose." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014) (citing Fed. R. Civ. P. 11(b)(1)). Upon the filing of a Rule 11 motion, "the court may award to the *prevailing party* the reasonable expenses, including attorney's fees incurred for the motion." Fed. R. Civ. P. 11(c)(2) (emphasis added). "[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." Fed. R. Civ. P. 11(b), (c) advisory committee's

---

[3] The only record evidence on these points, which was served *after* the safe harbor letter, is Defendant's conclusory answers to Plaintiff's interrogatories. (Def.'s Answers to Interrogs. at 4–8).

[4] Defendant also relies on subsection 57.105(1) of the Florida Statutes, which permits an award of reasonable attorneys' fees based on frivolous claims or defenses. As with the above, Defendant makes no attempt to apply the statute, and therefore, the motion will also be denied as to subsection 57.105(1).

note to 1993 amendment. "Ordinarily, this does not require a cross-motion for sanctions, since a court is authorized to award fees to a party that successfully opposes a Rule 11 sanctions motion." *Smith*, 750 F.3d at 1260. "Thus, when a party files a Rule 11 motion for an improper purpose, the court may award fees to the target of the motion." *Id.*

Here, Defendant's eleven-paragraph motion is not to be taken seriously for its substance. Other than citing Rule 11 and section 57.105 of the Florida Statutes, Defendant neither discusses the applicable standard nor, as noted, attempts to apply such standard. Defendant's reference to the substantive law is even less thoughtful. As to the TCPA, Defendant fails to actually cite the statute, let alone discuss relevant caselaw. As to the FCCPA, Defendant does little more than string-cite three non-binding cases for the actual knowledge requirement. It goes without saying that such deficiencies amount to a violation of Local Rule 3.01(a), which requires "a memorandum of legal authority in support of" a motion.

Furthermore, the motion is wrought with other deficiencies. Particularly, the motion is self-contradictory in that it speaks to the purported frivolity of the *entire* action; at the same time, the motion only attacks Counts One and Four. True to form, the motion's request for relief pursues "all costs and fees . . . incurred in the defense of this action," (Mot. Sanctions ¶ 11), thereby failing to distinguish the fees and costs incurred with regard to Counts One and Four. Similarly, defense counsel's corresponding Declaration shares this error. (*See* Kohlmyer Decl., Doc. 23, ¶¶ 10–11). Lastly, the motion generally discusses the purported frivolity of the FCCPA claims but, without explanation, only challenges one of them—Count Four.

In sum, the unexceptional nature of Defendant's motion bespeaks an ancillary purpose. Indeed, it is evident that a degree of unprofessionalism persisted between plaintiff and defense counsel. (*See* Resp. at 5; *see also* Feb. 24, 2015 Letter at 1). Despite achieving a voluntary

dismissal with prejudice, defense counsel nevertheless proceeded with the present motion. Importantly, Defendant's less-than-four-page motion garnered a sixteen-page response from Plaintiff and has likely been the source of much anxiety. Therefore, the Motion for Sanctions was filed for an improper purpose. *See* Fed. R. Civ. P. 11(b)(1) (describing an "improper purpose" to include harassment). Defense counsel will be required to pay Plaintiff's reasonable expenses, including attorneys' fees, in responding to the Motion for Sanctions. *See id.* 11(c)(1) (noting that the sanction may be imposed on "any attorney, law firm, or party").

### III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion for Sanctions (Doc. 22) is **DENIED**.

2. Counsel for Defendant—Ernest H. Kohlmyer, III—shall pay to Plaintiff reasonable expenses, including attorneys' fees, in responding to the Motion for Sanctions.

3. The parties shall immediately engage in a good faith conference to resolve the amount of such expenses. If the parties are unable to reach an agreement, then Plaintiff shall file an accounting of such expenses, as well as any accompanying argument and evidence, **on or before November 30, 2015**. Defendant may file any objections thereto **on or before December 7, 2015**.

**DONE** and **ORDERED** in Orlando, Florida on November 17, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record